IN THE UNITED STATES OF AMERICA
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMAURY ROSARIO, | : | |
| Plaintiff | : | Civil No. 1:12-CV-2491 |
| v. | : | (Judge Caldwell) |
| UNITED STATES OF AMERICA, | : | (Magistrate Judge Carlson) |
| Defendant | : | |

# REPORT AND RECOMMENDATION

## I. Statement of Facts and of the Case

The plaintiff is a federal prisoner housed in the United States Penitentiary, Canaan. In a complaint filed on December 13, 2012, (Doc. 1.), the plaintiff asserts a claim against the United States of America pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*. In addition to naming the United States, the plaintiff has named Erika Fenstermaker as a defendant in the caption of the complaint, but has included no separate allegations against this individual, and has not otherwise articulated a cause of action against her.

The plaintiff's *pro se* complaint recite that, in June of 2011, the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included

headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence and deliberate indifference on the part of the prison in the preparation and service of this food, the plaintiff seeks damages from these defendants.

Along with this complaint, the plaintiff has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will recommend that the Court grant this motion, but as part of our legally mandated screening process for *pro se, in forma pauperis* complaints we recommend that the claims set forth against the individual defendant be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Prisoner Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints filed by prisoners who seek leave to proceed *in forma pauperis* which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's

entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. The Claim in The Complaint Against The Individual Defendant Must be Dismissed

#### 1. FTCA Claims May Not Be Brought Against Individuals

While the plaintiff may bring an FTCA action against the United States, to the extent that the plaintiff wishes to bring a Federal Tort Claims Act action in this lawsuit it is clear that he may not maintain that action against the individual federal official currently named in the caption of this complaint.

With respect to inmate claims made under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*., as a threshold matter, "[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." Moshier v. United States, No. 05-180, 2007 WL 1703536, * 9 (W.D. Pa. June 11, 2007); Baker v. United States, No. 05-146, 2006 WL 1946877, * 4 (W.D. Pa. July 11, 2006). In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1,

7

6 (1962)); <u>CNA v. United States</u>, 535 F.3d 132, 138 (3d Cir. 2008). Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). A person is permitted to sue under the FTCA to recover damages from the United States for personal injuries that he suffered during confinement in a federal prison that resulted from the negligence of a government employee. See <u>Rinaldi v. United States</u>, No. 1:09-CV-1700, 2010 U.S. Dist. LEXIS 66024, at *11 (M.D. Pa. July 1, 2010) (Rambo, J.) (citing <u>United States v. Muniz</u>, 374 U.S. 150 (1963)).

However, due to the exclusive nature of the remedy available under the FTCA, and its jurisdictional prerequisites, a court may not entertain a civil suit for a claim cognizable under 28 U.S.C. § 1346(b) against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); <u>see also</u> <u>Meyer</u>, 510 U.S. at 476. As the United States Court of Appeals recently observed in affirming the dismissal of individual defendants from an inmate FTCA action: "The only proper defendant in an FTCA suit is the United States itself. <u>See</u>

28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees 'under circumstances where ... a private person ... would be liable' under applicable state tort law. See 28 U.S.C. § 1346(b)(1)." Feaster v. Federal Bureau of Prisons, 366 F. App'x 322, 323 (3d Cir. 2010). Therefore, when inmates bring actions against individual government officers for negligence under the FTCA the proper course to follow is to substitute the United States for these individual defendants and dismiss the individual defendants. Id.

Since the plaintiff's complaint makes it unmistakably clear that the plaintiff is currently proceeding exclusively under the FTCA, and there appears to be no question that the individual defendant named in the complaint was acting within the scope of her employment with the Bureau of Prisons at the time of the incidents alleged, the United States of America is the only proper defendant with respect to these FTCA claims, and the individual defendant should be dismissed from these FTCA claims.

In sum, while the complaint states a colorable Federal Tort Claims Act claim against the United States, it states no viable claims against the individual defendant named in this action. Therefore, it is recommended that the complaint be dismissed as to the individual defendant, but served as to the United States.

III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED (Doc. 2.), and the plaintiff's complaint be dismissed as to the individual defendant, but served as to the United States.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of December 2012.

                                      ***S/Martin C. Carlson***
                                      Martin C. Carlson
                                      United States Magistrate Judge